issue is disposed of by our holding that there was a written contract entered into by the parties in December, 1901. By this written contract, plaintiff agreed to pay all items prior to that period, and authorized charging her account with later items making up the amount of the judgment not covered by this written agreement.

Finding no reversible error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*

**Benjamin Wolf, Plaintiff in Error, v. Elizabeth Gloor, Defendant in Error.**

**Gen. No. 20,050. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by Benjamin Wolf against Elizabeth Gloor to recover a balance alleged to be due for legal services rendered and expenses incurred in securing the appointment of defendant as guardian of her grandchild, Catherine Gloor. A trial was had before the court and a jury, resulting in a verdict in favor of defendant. To reverse a judgment entered on the verdict, plaintiff prosecutes a writ of error.

GEORGE A. MCCORKLE and BENJAMIN WOLF, for plaintiff in error.

ANDERSON, ANDERSON & ANDERSON, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

ATTORNEY AND CLIENT, § 135*—*when evidence sufficient to sustain verdict*. In an action by an attorney for a balance due for legal services and expenses incurred in securing the appointment of defendant as guardian of her grandchild, where evidence was introduced as· to the value of the services and there was evidence to show that defendant had paid plaintiff five hundred dollars, *held* that a verdict for defendant was sustained by the evidence.

---

Levy Goldstein, trading as L. Goldstein & Company, Defendant in Error, v. Gustave Freudenberg, trading as G. Freudenberg & Company, Plaintiffs in Error.

### Gen. No. 19,486.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

## Statement of the Case.

Action of the fourth class in the Municipal Court of Chicago by Levy Goldstein, trading as L. Goldstein & Company, against Gustave Freudenberg, trading as G. Freudenberg & Company, to recover $242.50 alleged to be due from defendant to plaintiff as a commission for securing a purchaser for certain real estate. Plaintiff's statement of claim was as follows:

"On or about December, 1909, plaintiff and defendant, were both duly licensed real estate brokers in the City of Chicago. Plaintiff further represents that on or about said time, the said defendant had listed for sale a certain property at No. 1435 Milwaukee avenue by one Mandel Brown. Plaintiff. further alleges that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.